Patrick J. Feeley
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019-6119
(212) 415-9200

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

BENZION LEBOVITS, as Trustee of the
Weberman Family Irrevocable Life
Insurance Trust,

      Plaintiff,

-v-

PHL VARIABLE INSURANCE
COMPANY,

      Defendant.

-----------------------------------------------------X

Case. No. _____

**NOTICE OF REMOVAL**

      PLEASE TAKE NOTICE that PHL Variable Insurance Company ("PHL"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of this case from the Supreme Court of the State of New York, County of Kings, in which court this case is pending, as Index No. 502386/2012, to the United States District Court for the Eastern District of New York, being the district embracing the place the case is pending. In support of this Notice of Removal, PHL states the following:

**I.    TIMELINESS OF REMOVAL**

      1.    On or about August 16, 2012, plaintiff Benzion Lebovits, as trustee of the Weberman Family Irrevocable Life Trust ("Plaintiff"), filed a civil action against PHL in the Supreme Court of the State of New York, County of Kings, entitled *Lebovits v. PHL Variable Insurance Company*, Index No. 502386/2012. On December 6, 2012, Plaintiff served copies of

the Summons, Complaint and Notice of Commencement of Action Subject to Mandatory Electronic Filing (collectively, the "Complaint") upon PHL by delivery of the Complaint to PHL in Hartford, Connecticut. A true and correct copy of the Complaint is attached hereto as Exhibit A and is incorporated herein by reference. To date, no other process, pleadings or orders in the this action have been served upon PHL.

2. This Notice of Removal is filed within thirty (30) days after PHL received the Complaint, and is, therefore, timely under 28 U.S.C. § 1446(b).

## II. DIVERSITY JURISDICTION

3. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed by the defendant to this Court pursuant to 28 U.S.C. § 1441, in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the plaintiff and the defendant.

4. PHL is a corporation incorporated in the state of Connecticut with its principal place of business in Connecticut.

5. Plaintiff resides in New York and is trustee of the Weberman Family Irrevocable Life Insurance Trust, which is a trust created under the laws of the State of New York.

6. Complete diversity of citizenship exists between Plaintiff and PHL.

## III. AMOUNT IN CONTROVERSY

7. The claims asserted in the Complaint purportedly arise out of the termination of a life insurance policy, Trust Policy Certificate No. 65000224 (the "Policy"). Plaintiff claims that it is entitled to judgment against PHL, "declaring that the Policy is in full force and effect, plus

attorneys' fees, together with such other and further relief as [the] Court may deem just and appropriate." Complaint, p. 5.

8. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 346 (1977); *see also Katz v. Warner-Lambert Co.*, 9 F.Supp.2d 363, 364-65 (S.D.N.Y. 1998); *Schonland v. Schonland*, No. Civ. 397CV558 (AHN), 1997 WL 695517, at *1 (D. Conn. Oct. 23, 1997) (stating "the value of the interest the plaintiff seeks to protect—the trust—by the injunctive relief requested—removal of the trustee—exceeds the amount in controversy required for diversity jurisdiction," as the trust corpus exceeds $110,000).

9. Here, the Policy that Plaintiff seeks to reinstate has a face amount of four million dollars ($4,000,000.00). A true and correct copy of the face page of a Life Insurance Illustration for the Policy, which shows the face amount (*i.e.*, death benefit available) for the Policy, is attached hereto as Exhibit B and is incorporated herein by reference.

9. Thus, the amount placed in controversy by the Complaint's damages demand exceeds the $75,000 jurisdictional threshold required by 28 U.S.C. § 1332(a)(1), exclusive of interest. *See* 28 U.S.C. § 1446(c)(2).

**IV. VENUE**

10. The United States District Court for the Eastern District of New York is the appropriate court for filing this Notice of Removal because the case was pending in the Supreme Court of the State of New York, County of Kings, which is located within this federal judicial district and division. *See* 28 U.S.C. § 112(c).

## V. CONCLUSION

11. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because Plaintiff's claims present a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this case is removable under 28 U.S.C. § 1441(a).

12. A copy of all process and pleadings received by PHL is attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

13. PHL reserves the right to file additional support for this Notice of Removal by way of affidavits, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument.

14. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon Plaintiff through his counsel of record and a copy of this Notice of Removal has been filed with the Supreme Court of the State of New York, County of Kings. *See* 28 U.S.C. § 1446(d).

WHEREFORE, PHL hereby gives notice of the removal to this Court of the civil action pending in the Supreme Court of the State of New York, County of Kings, under the caption *Lebovits v. PHL Variable Life Insurance Company,* Index No. 502386/2012.

Dated: New York, New York
December 28, 2012

Respectfully submitted,

**DORSEY & WHITNEY LLP**

By: **/s/ Patrick J. Feeley**
Patrick J. Feeley
Jena L. Tiernan
51 West 52nd Street
New York, NY 10019-6119
(212) 415-9200
feeley.pat@dorsey.com
tiernan.jena@dorsey.com

*Attorneys for Defendant*
*PHL Variable Insurance Company*

# EXHIBIT A

FILED: KINGS COUNTY CLERK - PENDING
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 08/16/2012

**RECEIVED**
DEC 6 2012
**LAW DEPT.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

BENZION LEBOVITS, as Trustee of the Weberman Family Irrevocable Life Insurance Trust,

                Plaintiff,

-against-

PHL VARIABLE INSURANCE COMPANY,

                Defendant.

Date Filed: _____

Index No. 502386 /2012

Plaintiff designates Kings County County as the place of trial

The Basis of Venue is Plaintiff's Residence

**SUMMONS**

Plaintiff resides at
1249 58th Street
Brooklyn, NY 11219
County of Kings

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the date of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Kew Gardens, New York
       August 16, 2012

                              LIPSIUS- BENHAIM LAW, LLP
                              Attorneys for Plaintiff

                              By: _____
                                 Cheryl D. Lipsius
                              80-02 Kew Gardens Road, Suite 1030
                              Kew Gardens, New York 11415
                              212-981-8440

Defendant's address:

PHL Variable Insurance Company
One American Row
Hartford, CT 6102

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
BENZION LEBOVITS as Trustee of the Weberman Family      Index No.: 502386/2012
Irrevocable Life Insurance Trust,

                        Plaintiff,                                        **COMPLAINT**

    -against-

PHL VARIABLE INSURANCE COMPANY.

                       Defendant.
------------------------------------------------------------------X

       Benzion Lebovits, as Trustee of the Weberman Family Irrevocable Life Insurance Trust (the "Trust"), by his attorneys, Lipsius – BenHaim Law, LLP, alleges as follows:

       1.     Plaintiff, Benzion Lebovits, Trustee of the Weberman Family Irrevocable Life Insurance Trust, resides in Brooklyn, New York.

       2.     The Weberman Family Irrevocable Life Insurance Trust is a trust created under the laws of the State of New York (the "Trust").

       3.     Defendant, PHL Variable insurance Company ("Phoenix"), at all times relevant, was and is a life insurance company located in Connecticut which conducted business in New York and issued policies upon the lives of New York residents.

       4.     Phoenix issued to the Trust Policy Certificate No. 65000224 (the "Policy"), with an issue date and a certificate date of January 22, 2008.

       5.     Section 11 of the Policy as to grace period notices requires that if

> "on any Monthly Calculation Date, the required Monthly Deductions exceed the Net Actual. A Grace Period of 61 days from the date the certificate goes into default will be allowed for the payment of additional premiums. Such additional premium payments must be sufficient to increase the Net Account Value on that Monthly Calculation date to cover three Monthly Deductions.

2

> At least 30 days prior to termination of coverage, we will send notice to your last known address, specifying the amount you must pay to bring the certificate out of default...

## AS AND FOR A FIRST CAUSE OF ACTION

6. Phoenix did not send a grace notice to the Trustee.

7. Trustee did not receive a grace notice from Phoenix.

8. Defendant failed to send a timely grace notice in accordance with the Policy.

9. Under case law and/or applicable statute, defendant's attempt to lapse the Policy is unlawful.

10. The Trustee is prepared to pay any outstanding premiums on the Policy and hereby makes constructive payment of any outstanding premiums on the Policy.

11. No claim has been made under the Policy as the insured is alive.

12. Phoenix has refused to restore the Policy.

13. By reason of the foregoing, plaintiff is entitled to judgment declaring that the Policy is in full force and effect.

## AS AND FOR A SECOND CAUSE OF ACTION

14. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs 1 through 13 of the Complaint as if set forth at length herein.

15. Phoenix, as a matter of course, does not send/mail notices on the dates indicated on its correspondence to the owners.

16. In general, the envelopes are meter stamped/postmarked two to five days after the date indicated on the letter.

17. It appears that by receipt date of correspondence from Phoenix, the letters are not immediately mailed to the recipient of the mail but are actually mailed days later.

3

18. Phoenix has a pattern of acting in bad faith by not timely notifying policy owners that their policies have gone into grace.

19. Phoenix has a pattern of acting fraudulently by not timely notifying policy owners and intentionally misdating the envelopes.

20. Even if Phoenix had sent a notice, which it did not, the notice would not have been timely.

21. Defendant failed to send a timely grace notice in accordance with the Policy.

22. Under case law and/or applicable statute, defendant's attempt to lapse the Policy is unlawful.

23. The Trustee is prepared to pay any outstanding premiums on the Policy and hereby makes constructive payment of any outstanding premiums on the Policy.

24. No claim has been made under the Policy as the insured is alive.

25. Phoenix has refused to restore the Policy.

26. By reason of the foregoing, plaintiff is entitled to judgment declaring that the Policy is in full force and effect.

## AS AND FOR A THIRD CAUSE OF ACTION

27. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs 1 through 26 as if set forth at length herein.

28. New Jersey statutes provide that "[p]ayment of the overdue premium shall be effected on the date of mailing of the payment by the policyholder and may be made at any time during the grace period."

4

29. New Jersey statutes provided that "[t]he grace period provision shall not require receipt of the premium by the insurer within the grace period. The policyholder shall have the entire period within which to remit payment."

30. Phoenix notice required that the payment "must be received by us [Phoenix] on or before 08/22/2010."

31. The grace notice is not a valid notice as it requires payment to be received by the end of the grace period rather than payment to be mailed by the end of the grace period and therefore as a proper notice was not sent to the Trustee, the Policy did not lapse.

32. Under applicable statute and case law, Phoenix's attempt to lapse the Policy is unlawful.

33. The Trustee is prepared to pay any outstanding premiums on the Policy and hereby makes constructive payment of any outstanding premiums on the Policy.

34. Phoenix has refused to restore the Policy.

35. By reason of the foregoing, plaintiff is entitled to judgment declaring that the policy is in full force and effect.

**WHEREFORE**, Benzion Lebovits, as Trustee of the Weberman Family Irrevocable Life Insurance Trust, respectfully requests that the Court enter judgment against defendant declaring that the Policy is in full force and effect, plus attorneys' fees, together with such other and further relief as this Court may deem just and proper.

Dated: Kew Gardens, New York
August 16, 2012

LIPSIUS- BENHAIM LAW, LLP
Attorneys for Plaintiff

By: *Cheryl D. Lipsius*
Cheryl D. Lipsius
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
BENZION LEBOVITS, as Trustee of the Weberman Family Irr Life Insurance Trust,

                                                        Plaintiff/Petitioner,

           - against -                                  Index No. 502386/2012

PHL VARIABLE INSURANCE COMPANY,

                                          Defendant/Respondent.
---------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

      PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

      The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

      Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 9/20/2012

_____ (Signature)
Cheryl D. Lipsius
_____ (Name)
Lipsius-BenHaim Law LLP
_____ (Firm Name)

80-02 Kew Gardens Road _____ (Address)
Kew Gardens, NY 11415

212-981-8440 _____ (Phone)

clipsius@lipsiuslaw.com (E-Mail)

To:  PHL Variable Ins. Co.
      One American Row
      Hartford, CT 06102

4/8/11

# EXHIBIT B



## Phoenix Indexed UL

*Flexible Premium Universal Life Insurance with an Indexed Feature*
*A **Revised** Life Insurance Illustration*

Designed for: **Abigail Weberman**
Female / Age 85 / Nonsmoker / Standard

Initial Base Face Amount = $4,000,000
Initial Death Benefit Option = Level (Option A)
Total Initial Annual Premium = $285,040
Premium Mode = Annual

**About the Universal Life Insurance Certificate**

Phoenix Indexed UL is a single life flexible premium universal life insurance certificate with an indexed feature. The certificate owner can allocate the certificate's accumulated cash value between a fixed account and multiple indexed accounts. Death benefit coverage and cash value accumulation will continue as long as there is sufficient certificate cash value to pay for monthly fees and expenses.

Phoenix Indexed UL Issued by: PHL Variable Insurance Company, One American Row, Hartford, CT 06102

**Summary**

| Certificate Features and Riders | Initial Face Amount | Annual Premium |
|---|---|---|
| **Phoenix Indexed UL:** Flexible premium universal life insurance with an indexed feature | $4,000,000 | $285,040 for 13 Years * (Includes rider charges below) |
| **TOTAL INITIAL DEATH BENEFIT:** | $4,000,000 | |
| **No Lapse Guarantee:** Guarantees the certificate will stay in force for 5 years if premiums are paid as required | | |
| **Overloan Protection:** Designed to prevent a heavily loaned certificate from lapsing | | |
| **TOTAL INITIAL ANNUAL PREMIUM:** | | $285,040 |

* Subsequent premiums will vary.

**Death Benefit Options**

The following death benefit options are available under your certificate:
   (A)   a level benefit equal to the face amount
   (B)   a benefit equal to the sum of the face amount and the certificate value
   (C)   a benefit equal to the sum of the face amount and the total amount of premiums paid (less any withdrawals), subject to a maximum.

Death Benefit Option A is illustrated.

Prepared by:
CHAYIM FRIED

PHL Variable Insurance Company
Rhode Island (Group Contract)
Revised Life Insurance Illustration
This illustration is only valid when all numbered pages are included.

Form Number 06IUL-C/06IUL-G Version 8.0
Prepared on: 01/16/2008 08:31:28
Page 1 of 14