UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
BENZION LEBOVITS as Trustee of the
Weberman Family Irrevocable Life
Insurance Trust,

          Plaintiff,

       -against-

PHL VARIABLE INSURANCE
COMPANY,

          Defendant.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 12-CV-6397 (FB) (RML)

*For the Plaintiff:*
IRA S. LIPSIUS, ESQ.
CHERYL D. LIPSIUS, ESQ.
Lipsius-Benhaim Law, LLP
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415

*For the Defendant:*
PATRICK J. FEELEY, ESQ.
JENA L. TIERNAN, ESQ.
Dorsey & Whitney LLP
51 West 52nd Street
New York, New York 10019

**BLOCK, Senior District Judge:**

      The Weberman Family Irrevocable Life Insurance Trust ("the Trust") owns a $4,000,000 life-insurance policy issued by PHL Variable Insurance Company ("PHL") on the life of Abigail Weberman. After PHL declared the policy lapsed, the Trust instituted this action, which seeks a declaratory judgment that the policy remains in full force and effect. It alleges that PHL failed to send a notice of lapse or, alternatively, that any notice sent was untimely and otherwise did not comply with the policy terms and applicable law.

      PHL moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). It argues that the Trust's suit is barred by § 3211(d) of the New York

Insurance Law, which provides that "[n]o action shall be maintained to recover on any life insurance policy. . . which has lapsed because of default in making [a premium] payment (except an action to recover the cash surrender value or nonforfeiture benefit) unless the action is instituted within two years from the date of such default."

At oral argument, the Court called the parties' attention to *Thompson v. Postal Life Insurance Co.*, 226 N.Y. 363 (1919), in which Judge Cardozo—writing for the Court of Appeals—observed that the phrase "actions to 'recover under' policies," which appeared in one of § 3211(d)'s predecessors, was "not an apt description of an action which seeks a judicial declaration that a policy exists. " *Id.* at 369. It then gave them an opportunity to submit letter briefs addressing the impact of *Thompson* on PHL's motion.

In its letter brief, PHL first argues that a subsequent amendment to the statute that became § 3211(d) "eliminated a fundamental premise of Judge Cardozo's reasoning in *Thompson*." Ltr. from Patrick J. Feeley (Mar. 19, 2014) 2. Judge Cardozo noted that excluding declaratory judgment actions from the scope of the statute still left it with "some field of operation": "It applies to actions to recover the surrender value or like benefits remaining after lawful forfeiture." 226 N.Y. at 369. By virtue of the amendment cited by PHL, § 3211(d) does not, by its own terms, apply to "an action to recover the cash surrender value or nonforfeiture benefit."

Thus, PHL argues, continued application of *Thompson*'s interpretation of the statute renders it meaningless. That is not quite correct because the statute could conceivably apply to situations in which the insured dies subsequent to the default in

2

payment but within the two-year period thereafter. To be sure, that is a small universe of cases, but it is not nonexistent.

In any event, New York courts have recognized that § 3211(d) and its predecessors may never apply. *See Reich v. Bankers Life & Cas. Co.*, 471 N.Y.S.2d 287, 289 (1st Dep't 1984) ("It may be that the exceptions to [the statute] have indeed swallowed the rule."). Faced with that conundrum, however, the First Department in *Reich* concluded that it was "preferable to accept the straightforward reading of the statute . . . even if we do not know whether [the statute] is left with any field of operation." *Id.*

Finally, PHL notes that Judge Cardozo's observation in *Thompson* is, strictly speaking, dicta because *Thompson* was not a declaratory action, but an action to recover on a policy whose insured had died more than two years after the default in payment. *See* 226 N.Y. at 369.[1] It was nevertheless a clear statement by one of New York's foremost jurists. Moreover, it comports with the plain meaning of "an action to recover," precisely the type of "straightforward reading" advocated in *Reich*. *See also DaimlerChrysler Corp. v. Spitzer*, 7 N.Y.3d 653, 660 (2006) ("The statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning.").

For the foregoing reasons, the Court holds that the Trust's action for a declaratory judgment that the policy remains in full force and effect is not "an action to

---

[1]*Reich* did not involve a declaratory judgment action, either. Instead, the First Department held that the statute did not apply where the insured died (and the cause of action to recover under the policy accrued) before the policy had lapsed. *See* 471 N.Y.S.2d at 288.

recover" on the policy and, therefore, not subject to § 3211(d). Accordingly, PHL's motion for judgment on the pleadings is denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

March 28, 2014
Brooklyn, New York