UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
BENZION LEBOVITS, as Trustee of
the Weberman Family Irrevocable Life
Insurance Trust,

               Plaintiff,                   **MEMORANDUM AND ORDER**
                                                 Case No. 12-CV-6397 (FB) (RML)
    -against-

PHL VARIABLE INSURANCE
COMPANY,

               Defendant.
-------------------------------------------------x

*Appearances:*
For the Plaintiff:                                *For the Defendant:*
IRA S. LIPSIUS, ESQ.                   PATRICK J. FEELEY, ESQ.
DAVID BENHAIM, ESQ.              Dorsey & Whitney LLP
Lipsius-Benhaim Law LLP            51 West 52nd Street
80-02 Kew Gardens Road, Suite 1030  New York, NY 10019
Kew Gardens, NY 11415

**BLOCK, Senior District Judge:**

      The Court previously held that the policy at issue in this case did not lapse, but conditioned entry of a declaratory judgment to that effect on a tender of the premium due. *See Lebovits v. PHL Variable Ins. Co.*, ___ F. Supp. 3d ___, 2016 WL 4194120, at *3 (E.D.N.Y. Aug. 9, 2016). Although the parties were able to agree on the amount due—$2,128,542.48—the insured refused to pay it. At a court appearance, the insured's counsel stated that his client did not want to pay the premium until the time

to appeal had run because "the insurance company is going to take the $2 million, and then we still won't have coverage." Tr. of Dec. 20, 2016, at 4.

As the Court explained, coverage would follow from entry of a judgment that the policy had not lapsed. *See id.* ("You have coverage. Once you comply with my order, you are covered."). Were a higher authority to reverse that judgment, "[t]here are all sort[s] of remedies the Court can impose." *Id.* at 5. Most obviously, the circuit court could condition its reversal on a return of the premium with interest. The Court then directed the insured to tender payment by December 22nd, clearly warning that failure to do so would result in dismissal of that case. *Id.* at 4 ("You are going to pay it up forthwith. Otherwise you are gone.").

The insured did not comply, representing that it could not pay "without some assurance that the funds are not at risk." Letter from Ira. S. Lipsius (Dec. 23, 2016). The Court has already given that assurance. Accordingly, the case is dismissed with prejudice.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 13, 2017